THE PEOPLE OF THE TERRITORY OF GUAM
Plaintiff-Appellant

v.

ARNOLD BERGADO RICO
Defendant-Appellee

Criminal No. 79-0008A
District Court of Guam, Appellate Division
March 6, 1980

- - - - -

- - - - -

DUENAS, District Judge; STEPHENS, District Judge; HEFNER, Designated Judge*

OPINION

PER CURIAM:
　　This is an interlocutory appeal after the Trial Court granted Defendant's motion to suppress a firearm which was seized after a search warrant was issued for the search of Defendant's house. The sole issue before us is whether the affidavit and the testimony given to the judge issuing the search warrant were legally sufficient. We find that they were and we reverse the Order granting the motion to suppress.

168

The affidavit cites the experience of affiant Rodney G. Klinge as a police officer, specifically in narcotics investigation, his acquaintanceship and experience with an unidentified informer, "CRI", and the affiant's belief of his reliability. There are also fairly specific assertions in the affidavit regarding a controlled buy of heroin by the "CRI" at Defendant Rico's residence. Based on the above, Officer Klinge stated that there was probable cause to believe that heroin was located at the Rico residence.

The testimony before the Judge issuing the search was in a little more detail about the controlled buy at Rico's. After the search warrant was issued, a search of Defendant's house produced no narcotics but a firearm was found in the house.

The Trial Court granted the motion to suppress on the grounds that (1) they made by the "CRI" was not a supervised buy about which Officer Klinge was competent to testify from firsthand knowledge and (2) there was not presented sufficient showing that the "CRI" was reliable.

Appellee concedes that hearsay evidence may properly be considered by a magistrate in issuing a search warrant, so long as there is a substantial basis for believing the hearsay to be credible. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed 2d 62. reh. den. 386 U.S. 1042, 87 S.Ct. 1478, 18 L.Ed. 2nd 616. When the affidavit is not based on direct personal observation of the affiant, the judge issuing the search warrant must be informed of some of the underlying circumstances from which the affiant concludes that the informant is credible or his information reliable. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2nd 723.

It was only after the Trial Court took additional testimony at the hearing to suppress that it found the Rico residence is located where numerous other dwelling houses were located. Be that as it may, this does not alter the original information presented to the issuing magistrate. The Trial Court did not find (nor is there anything in the record to so indicate) that there is a false statement in the affidavit or testimony of Officer Klinge or that Klinge demonstrated reckless disregard for the truth which would require an evidentiary hearing. Franks v. Delaware, 98 S.Ct. 2674. There is a presumption of validity with respect to the affidavit supporting the search warrant. If, after setting aside any material that is the subject of the charge of falsity or reckless disregard of the truth, there is sufficient content in the warrant affidavit to support a finding of probable cause, an evidentiary hearing is not even required. Franks v. Delaware, supra.

As noted above, after an evidentiary hearing the trial court found as a fact that the previous buy at Rico's house 36 hours before seeking a warrant was not made under such strict supervision of the police that it provided probable cause for

issuance of a search warrant. However, the narrow issue presented by this appeal is whether the warrant was issued upon information furnished by a reliable informant.

The Affidavit in support of the subject Search Warrant recited that "CRI" was known to affiant police officer to be reliable because he had made two previous buys of narcotics under affiant's supervision and control. This condensed statement of the contents of the Affidavit is sufficient to point out that "CRI" had given information to the police concerning two buys before the one at Rico's house and furnished information which had never been found to be inaccurate. In other words the experience of the police with "CRI" was that he could be relied upon to give accurate information. In language often used by the courts, "CRI" was known to be a reliable informant.

The Affidavit showed that in the two previous buys made by "CRI" under Officer Klinge's "supervision and control", "CRI" was out of Klinge's sight for several minutes. It is a fair inference from the Affidavit that after each previous buy "CRI" returned to Klinge and gave him information concerning events occurring while "CRI" was out of Klinge's sight. Otherwise "CRI" would not have been referred to as an informant. Had "CRI" never been out of Klinge's sight, the officer would have had no reason to rely upon "CRI" since his knowledge would have been based upon his personal observation and "CRI" could not have been classified as an informant. Contrary to the trial court's conclusion that Klinge was not competent to testify from first hand knowledge, his affidavit recited first hand knowledge of the reliability of "CRI" on two previous occasions. This was the evidence before the magistrate issuing the warrant.

Of course it is for the judge authorizing the warrant to find the facts from the evidence submitted in affidavit form. If the warrant issued upon a showing of fact which was inherently incredible or false or deliberately misleading, the warrant was issued without probable cause. However, no showing of this kind was made in the trial court. The trial judge erroneously substituted his own view of the facts for that of the issuing officer after taking evidence which was not relative to the issue of the reliability of "CRI" as an informant.

Affidavit for search warrants must be tested and interpreted by magistrates and courts in a common sense and realistic fashion, and technical requirements of elaborate specificity are no longer required. U.S. v. Ventresca, 380 U.S. 102, 85 S.Ct. 741.

After reading the affidavit and the transcript of the testimony of Officer Klinge, we find that the information

presented to the judge issuing the search warrant meets the requirements specified above.

The Order granting the motion to suppress the weapon is REVERSED.

*Pursuant to 48 USC 1424b.